**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

TRUSTEES OF THE THEATRICAL WARDROBE UNION LOCAL 764, IATSE PENSION FUND and TRUSTEES OF THE THEATRICAL WARDROBE UNION LOCAL 764, IATSE ANNUITY FUND,

          Plaintiffs,

-against-

SHOWTIME PICTURES DEVELOPMENT COMPANY,

          Defendant.

**COMPLAINT**

Case No.

---

Plaintiffs, Trustees of the Theatrical Wardrobe Union Local 764, IATSE Pension Fund and Trustees of the Theatrical Wardrobe Union Local 764, IATSE Annuity Fund (collectively referred to as the "Funds" or "Plaintiffs"), by their attorneys Spivak Lipton LLP, bring this action to collect delinquent employee benefit plan contributions owed by Defendant Showtime Pictures Development Company ("Showtime" or the "Employer"). Complaining of Defendant, Plaintiffs respectfully allege as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over the instant action pursuant to Sections 502(a)(3), 502(e)(1), and 502(f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), and 1132(f).

2. Venue is proper in the Southern District of New York pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

## PARTIES

3. At all relevant times, Plaintiffs have administered and now administer the Funds.

4. The Funds were each established by separate Agreements and Declarations of Trust (the "Trust Agreements"), which have been amended from time to time.

5. The Funds are "employee benefit plans" established under Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(1), 1002(2), 1002(3) and 1132(d)(1). The Funds maintain an office from which the Funds are administered at 545 West 45th Street, 2nd Floor, New York, NY 10036.

6. Upon information and belief, at all times relevant hereto, Defendant Showtime was and is an employer engaged in an industry affecting commerce within the meaning of Sections 3(5), 3(11), 3(12) and 4(a)(1) of ERISA, 29 U.S.C. §§ 1002(5), 1002(11), 1002(12) and 1003(a)(1).

## FACTS

7. At all relevant times, Theatrical Wardrobe Union Local 764, International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, Its Territories and Canada, AFL-CIO, CLC ("Local 764") was the exclusive collective-bargaining representative of certain employees of Defendant Showtime

8. At all relevant times, Defendant Showtime and Local 764 were parties to a collective bargaining agreement ("CBA") covering employees represented by Local 764 and employed by Defendant Showtime governing wages, hours, and working conditions of certain of its employees.

9. The CBA obligates Defendant Showtime to make pension and annuity contributions to the Funds.

**The Audit**

10. Plaintiffs have adopted policies and procedures governing the collection of contributions owed to the Funds and audits of contributing employers (the "Contributions Procedures"), which have been amended from time to time.

11. The Funds' Trust Agreements and Contributions Procedures authorize the Funds to conduct audits of the books and records of contributing employers to confirm that all contributions required under the employer's CBA and applicable laws have been reported and made.

12. The Funds conducted a payroll audit of Showtime for the period January 1, 2014 through December 31, 2015 (the "Audit").

13. After completing the aforementioned Audit, the Funds' auditors provided Defendant Showtime with a payroll audit report of their findings of contributions owed to the Funds for the period January 1, 2014 through December 31, 2015 (the "Audit Report").

14. In correspondence dated December 6, 2019, the Funds sent to Defendant Showtime a copy of the Audit Report and demanded payment of the amounts found to be owed therein.

15. To date, no payment has been made with respect to the demand for payment for unpaid contributions disclosed by the Audit Report. The payments are still due and owing.

16. As a result of the foregoing, Defendant Showtime's delinquent contributions to the Funds for the period January 1, 2014 through December 31, 2015 total $14,558.16, plus interest through the present date.

17. The Funds have incurred auditors' fees for the above-referenced audit of Defendant Showtime, and anticipate continuing to incur additional auditors' fees for such audit until delinquencies for these periods are paid.

18. Defendant's failure to make required payments violates both the CBA and the provisions of ERISA. Plaintiffs seek enforcement of these provisions pursuant to Section 502(a)(3)(b)(ii) of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1132(a)(3)(b)(ii).

19. Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless the Defendant is ordered to specifically perform its obligations required under the CBA and is restrained from continuing to refuse to perform as thereunder required.

## CAUSE OF ACTION

20. Plaintiffs repeat and reallege all the allegations of Paragraphs 1 through 20 inclusive.

21. Defendant Showtime is liable to Plaintiffs under Section 515 of ERISA, 29 U.S.C. § 1145 for delinquent benefits contributions regarding its employees and related sums in the following amounts:

    (a) $14,558.16 in unpaid contributions to the Funds pursuant to 29 U.S.C. § 1132(g)(2)(A);

    (b) interest on all unpaid contributions through the date of the judgment pursuant to 29 U.S.C. § 1132(g)(2)(B);

    (c) auditors' fees incurred by the Funds;

    (d) liquidated damages of an amount equal to the greater of 20% of the unpaid contributions or the interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C);

    (e) attorneys' fees pursuant to 29 U.S.C. § 1132(g)(2)(D);

(f) costs of this action pursuant to 29 U.S.C. § 1132(g)(2)(D); and

(g) all additional attorneys' fees and costs incurred in the enforcement and collection of a judgment in this action.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request a judgment against Defendant:

(a) for unpaid contributions to the Funds in the amount of $14,558.16, along with any additional unpaid contributions as of the date of judgment, pursuant to 29 U.S.C. § 1132(g)(2)(A);

(b) for interest on said unpaid contributions to the Funds pursuant to 29 U.S.C. § 1132(g)(2)(B);

(c) for auditors' fees incurred by the Funds;

(d) for liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C);

(e) for costs, including reasonable attorneys' fees, incurred in the prosecution of this action pursuant to 29 U.S.C. § 1132(g)(2)(D), and incurred in the enforcement and collection of a judgment in this action;

(f) that Defendant be specifically ordered to pay to Plaintiffs the required contributions due and owing as of the present date, as well as all contributions that may be due and owing as of the date of entry of judgment, together with applicable interest, liquidated damages, costs, and fees; and

(g)     for such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        December 27, 2019

>                           Respectfully submitted,
>
>                           _____/s/ Elizabeth Sprotzer_____
>                           Elizabeth Sprotzer
>                           SPIVAK LIPTON LLP
>                           1700 Broadway, 21st Floor
>                           New York, NY 10019
>                           Ph: 212- 765-2100
>                           Fax: 212-765-8954
>                           esprotzer@spivaklipton.com
>
>                           *Attorneys for Plaintiffs Trustees of the*
>                           *Theatrical Wardrobe Union Local 764,*
>                           *IATSE Pension Fund and Trustees of the*
>                           *Theatrical Wardrobe Union Local 764,*
>                           *IATSE Annuity Fund*